# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JESSICA REISINGER, Individually and on Behalf of All Others Similarly Situated, </br></br> Plaintiff, </br> vs. </br></br> JEFFERSON CAPITAL SYSTEMS, LLC, </br></br> Defendant. | Case No.: 15-cv-474 </br></br> Hon. J P Stadtmueller |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## AND COMPEL ARBITRATION AND STAY PROCEEDINGS

Defendant, Jefferson Capital Systems, LLC ("Jefferson Capital"), by its attorneys, and, pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, and for its Reply in support of its Motion to Dismiss and Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration"). In support of its Reply, Jefferson Capital states as follows:

### INTRODUCTION

In her opposition to Jefferson Capital's Motion to Compel Arbitration, Plaintiff does not challenge the validity of the arbitration agreement governing the use of her First Premier credit card. Indeed, she concedes "that a valid arbitration agreement exists between Reisinger and First Premier." Pl. Resp. at 4 (emphasis omitted). Thus, the only issue is whether the valid arbitration provision applies to Jefferson Capital. This issue is expressly delegated to the arbitrator. Motion to Compel Arbitration, Ex. 1 at Ex. C ("claims regarding the applicability, enforceability, or validity of this Provision . . . arising out of or relating to this Contract, or the breach of this Contract or your Credit Account, shall be resolved and settled exclusively and finally by binding arbitration."). Based on the Plaintiff's own concession and her failure to challenge the delegation provision, this Court must compel arbitration.

Nonetheless, should the Court consider the Plaintiff's argument that Jefferson Capital cannot enforce the arbitration clause, Plaintiff is simply wrong. First, she misreads the plain language of the arbitration provision, which applies to any claim "***by***" Plaintiff related to the account. This lawsuit is a claim by Plaintiff related to her credit card account and therefore, must be arbitrated. All the same, the arbitration provision applies to Jefferson Capital because it is an agent of First Premier notwithstanding the independent contractor language of the servicing agreement. For all of these reasons, the Motion to Compel Arbitration should be granted.

## ARGUMENT

**I.    Plaintiff's Only Challenge to the Arbitration Provision Must be Resolved by the Arbitrator.**

Pursuant to her agreement, Plaintiff's only challenge to the arbitration provision must be resolved by the arbitrator. The U.S. Supreme Court has repeatedly affirmed that courts must place arbitration agreements on an equal footing with other contracts. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010). Where an arbitration clause includes a delegation provision stating that the arbitrator has "exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of the agreement," and the plaintiff does not contest "the validity of the delegation provision," the Seventh Circuit has held that "the district court [is] therefore required to do as the Supreme Court directed in *Rent-A-Center*: treat the delegation provision as valid and enforce it, thereby letting the arbitrator decide [plaintiff's] challenges to the validity of the arbitration agreement." *Johnson v. Western & Southern Life Ins. Co.*, 598 F. App'x 454, 455-56 (7th Cir. 2015) (affirming district court's grant of motion to compel arbitration).

In nearly identical circumstances, the court in *Green v. G. Reynolds Sims & Assoc., P.A.*, No. 12-12488, 2013 WL 1212775, at *5-6 (E.D. Mich. Mar. 25, 2013) held that arbitration must

2

be compelled to resolve the issue of whether the arbitration applied to the third-party debt collector. The court reasoned:

> Plaintiff's additional arguments do not question the validity of the Credit Card Agreement as a whole. Rather, Plaintiff assumes that a valid Credit Card Agreement with an arbitration section exists but then raises arguments challenging whether that arbitration section applies to Defendant. Specifically, Plaintiff argues that the arbitration clause does not apply here because [] Defendant is a third-party debt collector and the only named defendant in a complaint that raises FDCPA claims arising out of a Credit Card Agreement she had with a different entity-Bank of America . . .
>
> Once again, Plaintiff's arguments fail to mention, let alone challenge the delegation provision that expressly provides that '[t]he arbitrator shall resolve any Claims, including the applicability of this Arbitration and Litigation Section....' Accordingly, because Plaintiff failed to challenge the 'delegation provision specifically, [the Court] must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4 [of the FAA], leaving any challenge" to the applicability of the Arbitration and Litigation Section "to the arbitrator."

*Green*, 2013 WL 1212775, at *5-6 (citations omitted) (granting non-signatory debt collector's motion to compel arbitration of FDCPA claim); *See also Nazar v. Wolpoff & Abramson, LLP*, 07-2025-JWL, 2007 WL 528753, at *5 (D. Kan. Feb. 15, 2007) *aff'd in part, vacated in part,* No. 2:07-CV-2025-JWL, 2007 WL 2875377 (D. Kan. Oct. 3, 2007) (where plaintiff challenged whether third-party debt collector could enforce the arbitration provision and arbitration provision "expressly state[d] that the applicability of the arbitration provision is to be resolved by arbitration," the court enforced the delegation provision and compelled arbitration). Plaintiff's attempt to assert that arbitrability is an issue for the Court fails. Every case cited by the Plaintiff for this proposition pre-dates *Rent-A-Center*, and none of them involve delegation provisions. (*See* Pl. Resp. at 3-4.)

Here, Plaintiff's only challenge is to the applicability and enforceability of the arbitration provision to Jefferson Capital. The arbitration provision clearly and unmistakably delegates this issue to the arbitrator: "any Claim, ***including claims regarding the applicability, enforceability,***

3

*or validity of this Provision*" shall be resolved and settled exclusively and finally by binding arbitration. (emphasis added.) Like in *Green*, the Plaintiff challenges the applicability of the arbitration provision to a third-party debt collector and that challenge is expressly delegated to the arbitrator. Therefore, this Court must compel arbitration. Although Plaintiff asserts that she is challenging the agreement to arbitrate, she is wrong. (Pl. Resp. at 22.) Plaintiff challenges whether the dispute between herself and Jefferson Capital is within the scope of the arbitration provision, not whether the arbitration provision or, more specifically, the delegation clause, is enforceable. She admits that the arbitration agreement is valid and enforceable. Thus, this dispute relating to the "applicability, enforceability, or validity of" the arbitration provision must be decided by the arbitrator. (Dkt. 18-1.)

## II.     The Arbitration Provision Applies to Jefferson Capital.

Even if the Court were to consider Plaintiff's argument, the Motion to Compel should be granted. Pursuant to the plain terms of the arbitration agreement, Plaintiff's claims are subject to mandatory arbitration. Plaintiff's contention that Jefferson Capital lacks standing to enforce the arbitration provision is contrary to the language of the contract and controlling law.

### A.     Plaintiff Misreads the Arbitration Provision

First, Plaintiff misunderstands the plain language of the arbitration provision. By using her First Premier credit card, Plaintiff agreed to arbitrate "any claim *by*" her "relating in any way to" the agreement. In an attempt to avoid arbitration, Plaintiff misreads this provision by asserting that the arbitration provision applies "to any dispute *between* 'you' (i.e. Ms. Reisinger) and 'us.'" (Pls. Resp. at 5) (emphasis added.) Indeed, Plaintiff's error continues as she relies upon cases where the arbitration provision mandates arbitration for claims "*between*" the cardholder and a defined list of parties. *See Fox v. Nationwide Credit, Inc.*, 09-CV-7111, 2010

4

WL 3420172, at *3 (N.D. Ill. Aug. 25, 2010) ("'Claim' means any dispute *between* you and Us") (emphasis added); *McGinnis v. John C. Bonewicz, P.C.*, 11-2210, 2012 WL 604430, at *1 (C.D. Ill. Feb. 2, 2012) *report and recommendation adopted,* 11-2210, 2012 WL 604427 (C.D. Ill. Feb. 24, 2012) (defining claims as "controversy *between* you and us"). In those cases, the agreements expressly and specifically limit the claims subject to arbitration to those between the debtor and a defined list of persons affiliated with the creditor.

Here, the clear language of the arbitration provision covers any claim *by* Plaintiff *related to* the account. Broad arbitration provisions are enforceable. *See Blinco v. Green Tree Servicing LLC,* 400 F.3d 1308, 1312 (11th Cir. 2005) (concluding that provision including claims arising from "the relationship ... result[ing] from the [agreement]," was broad enough to allow non-signatory third party to invoke it against plaintiff); *Sherer v. Green Tree Servicing LLC,* 548 F.3d 379, 383 (5th Cir. 2008) (holding that loan agreement including claims arising from "the relationships ... result[ing] from th[e] [a]greement," was broad enough to include plaintiff's FDCPA claims against non-signatory debt collector). Here the arbitration provision is similarly broad. It applies to all claims made *by* the Plaintiff arising out of the Agreement. It is not limited to those disputes *between* Plaintiff and the enumerated individuals. Plaintiff agreed to arbitrate her FDCPA claim against Jefferson Capital, and the Court must compel arbitration.

B. **Jefferson Capital is an Agent**

Because any claim by Plaintiff related to the account must be arbitrated pursuant to the arbitration agreement, it is unnecessary to determine whether Jefferson Capital falls within the definition of "us." Nonetheless, Jefferson Capital is included in the definition of "us" in the arbitration provision. Specifically, "us" is defined to include "employees, parents, subsidiaries, affiliates, beneficiaries, *agents* and assigns." (Emphasis added.)

5

Plaintiff relies upon the "independent contractor" language in the Collection Services Agreement to assert that Jefferson Capital is not an agent, but this is not dispositive. "[T]here is nothing in South Dakota[1] statute or case law prohibiting an independent contractor from being considered an ostensible agent . . . An agency relationship is defined by SDCL 59-1-1 as 'the representation of one called a principal by another called the agent in dealing with third persons.' . ." *Avera St. Luke's Hosp. v. Karamali*, 848 F. Supp. 2d 1017, 1027-28 (D. S.D. 2012) (citations omitted) (finding issues of genuine material fact as to whether doctor was agent of hospital). "Thus, while it is true that an independent contractor is, by definition, distinct from an employee . . . there is no definitional distinction between independent contractors and ostensible agents. Indeed, 'one who contracts to act on behalf of another and is subject to the other's control except with respect to his physical conduct is an agent and also an independent contractor.'" *Id.* at 1028.

Indeed, an independent contractor may also be an agent. "In fact, most of the persons known as agents, that is, brokers, factors, attorneys, ***collection agencies***, and selling agencies are independent contractors as the term is used in the Restatement of this Subject, since they are contractors but, although employed to perform services, are not subject to the control or right to control of the principal with respect to their physical conduct in the performance of the services. However, they fall within the category of agents." *NattyMac Capital LLC v. Pesek*, 784 N.W.2d 156, 161, fn. 5 (S.D. 2010) (citations omitted) (emphasis added) (holding loan originator was

---

[1] In construing the credit card agreement, per its terms South Dakota law applies. Even if Wisconsin law applies, Wisconsin law is in accord. "The general rule, in Wisconsin as well as elsewhere, is that brokers, whether employed for a single transaction or a series of transactions, are agents even though their physical activities resemble those of independent contractors." *Pavalon v. Fishman*, 140 N.W.2d 263, 266 (Wis. 1966) (citing Restatement (Second) of Agency § 14N, comment a) (holding agency relationship existed where brokerage firm was selling stock in company).

6

Case 2:15-cv-00474-JPS   Filed 07/29/15   Page 6 of 9   Document 22

agent of purchaser of mortgage loans where originator was contractually obligated to service the loans on behalf of the purchaser even when its agreement provided that it was an independent contractor).

Here, Jefferson Capital is an agent. Pursuant to the Collection Services Agreement, on behalf of First Premier, Jefferson Capital has "the exclusive right . . . to attempt to collect the Account[]." (Brick Decl., Exhibit A.) Indeed, in the collection letter it sent to Plaintiff, First Premier is listed as the creditor and Jefferson Capital asserted "Your above referenced debt has been referred by your current creditor, First Premier Bank, to us, Jefferson Capital, for collection." (Compl. Ex. A.) It is clear that Jefferson Capital was acting as a collection agency on behalf of First Premier, and as an agent of First Premier, it is entitled to enforce the arbitration provision. At best, Plaintiff could assert that agency is a question of fact, but that would be a question of fact for the arbitrator to decide. Motion to Compel Arbitration, Ex. 1 at Ex. C ("claims regarding the applicability, enforceability, or validity of this Provision . . . arising out of or relating to this Contract, or the breach of this Contract or your Credit Account, shall be resolved and settled exclusively and finally by binding arbitration."). Jefferson Capital is therefore entitled to enforce the arbitration provision.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Jefferson Capital, pursuant to Sections 3 and 4 of the FAA, move this Court to compel arbitration and to award such further relief as the court deems just, necessary and proper.

Dated: July 29, 2015         Respectfully submitted,

                             JEFFERSON CAPITAL SYSTEMS, LLC


                             By:   s/ Susan E. Groh
                                   One of Its Attorneys

                             David L. Hartsell (IL-6192380)
                             Susan E. Groh (IL-6289629)
                             Attorneys for Defendant
                             McGuireWoods LLP
                             77 W. Wacker Drive, Suite 4100
                             Chicago, Illinois 60601-1818
                             (312) 849-8100
                             (312) 849-3690 (fax)
                             dhartsell@mcguirewoods.com
                             sgroh@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION AND STAY PROCEEDINGS** was electronically filed with the Clerk of the Court using the CM/ECF system on this 29th day of July, 2015, which constitutes service on below counsel who are registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D):

> Mark A. Eldridge
> Shpetim Ademi
> John D. Blythin
> Ademi & O'Reilly, LLP
> 3620 East Layton Avenue
> Cudahy, WI 53110
> (414) 482-8000
> (414) 482-8001 (Fax)
> sademi@ademilaw.com
> jblythin@ademilaw.com
> meldridge@ademilaw.com

                                                       s/ Susan E. Groh