UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSICA REISINGER,

       Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS LLC,

       Defendant.

Case No. 15-CV-474-JPS

ORDER

---

  The plaintiff, Jessica Reisinger, filed her complaint in this case on April 22, 2015. (Docket #1). She has sued Jefferson Capital Systems LLC ("Jefferson Capital"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* More specifically, Ms. Reisinger alleges that, when attempting to collect a debt Ms. Reisinger owed to First Premier Bank (which is not a party to this lawsuit), Jefferson Capital sent her a letter falsely stating that she must accept an offer to settle that debt by a given date. (Docket #1 ¶¶ 8–27).[1]

  Jefferson Capital has moved to dismiss this action and/or to compel arbitration of it. (Docket #17). Jefferson Capital rests its argument wholly on arbitration provisions included in Ms. Reisinger's contracts with First Premier Bank. (*See, e.g.*, Docket #18, Ex. 1, Atts. A–C (documents related to Ms. Reisinger's credit card with First Premier Bank)). But Jefferson Capital did not sign those agreements (*see, e.g.*, Docket #18, Ex. 1, Atts. A–C), so Ms. Reisinger argues that Jefferson Capital cannot enforce the arbitration agreements included therein (*see, e.g.*, Docket #21). In reply, Jefferson Capital has argued that: (1) any question regarding the arbitration clause must, itself,

---

[1] Ms. Reisinger has moved to certify a class action in this case (Docket #3), but the parties have not yet briefed that motion.

be submitted to arbitration; and (2) alternatively, that Jefferson Capital is entitled to enforce the arbitration clause under the terms of the agreements between Ms. Reisinger and First Premier Bank. (Docket #23).[2]

Unfortunately, the parties' briefing in this case is largely unresponsive to the question that the Court actually needs to answer. In its opening brief, for instance, Jefferson Capital discussed almost exclusively the language of the arbitration provision, and why that arbitration provision would require arbitration if properly enforced against Ms. Reisinger. (*See* Docket #18 at 1–11, 13–16). Unfortunately, Jefferson Capital spent only two pages discussing that latter issue: whether, in fact, Jefferson Capital is entitled to enforce the arbitration agreement against Ms. Reisinger. (Docket #18 at 11–13). And those two pages serve only to explain the terms of the contract between Ms. Reisinger and First Premier Bank in greater detail; they do not acknowledge the fact that Jefferson Capital did not sign those agreements, let alone attempt to establish Jefferson Capital's ability to enforce them. (Docket #18 at 11–13).

For her part, Ms. Reisinger has attempted to re-focus on what is actually at issue. She explicitly acknowledges that a valid arbitration clause exists between her and First Premier Bank. (Docket #21 at 4). But that fact, she points out, does not mean that *Jefferson Capital* may enforce the terms of that contract against her, given that Jefferson Capital was not even a signatory to the agreements including the arbitration clause. (Docket #21).

Jefferson Capital's reply brief is largely non-responsive to that issue. It argues, primarily, that the issue of whether Jefferson Capital can enforce

---

[2] Ms. Reisinger has also filed a sur-reply, which she argues the Court should accept in light of Jefferson Capital's insertion of new arguments into its reply brief. (Docket #26). Jefferson Capital opposes that request. (Docket #27).

the arbitration clause against Ms. Reisinger must, itself, be submitted to an arbitrator under the terms of the clause. (Docket #22 at 1–4). This relies on circular logic: according to Jefferson Capital, an arbitrator must decide the enforceability of an arbitration clause, pursuant to the very arbitration clause that Jefferson Capital may not have the ability to enforce. (Docket #22 at 1–4). The Court might reach a different conclusion if Jefferson Capital were a signatory to the agreements between Ms. Reisinger or, perhaps, if it were named or otherwise included somehow in the contracts (*see, e.g.*, Docket #21 at 5–21; #22 at 5–5–7), but it has not briefed that issue in sufficient detail.

This is not to say that Jefferson Capital's position is wholly without merit. The arbitration clause at issue is extremely broad. In pertinent part, it reads "'Claim' means any claim, dispute, or controversy by…you…arising out of or relating in any way to this Contract [the credit card agreement between Ms. Reisinger and First Premier Bank]." (Docket #18, Ex. 1, Att. C). It further provides that "[a]ll Claims are subject to arbitration." (Docket #18, Ex. 1, Att. C). It is difficult to see how Ms. Reisinger's claim would fall outside of that clause *if the Court determines that Jefferson Capital can, in fact, enforce the clause against Ms. Reisinger.* But that is a very big "if," and it is the threshold question, despite Jefferson Capital's attempts to elide it.

And, because Jefferson Capital has not meaningfully engaged that question, the Court is obliged to deny its motion to dismiss and/or compel arbitration. However, that denial will be without prejudice. Jefferson Capital may be able to produce authority to establish that "'traditional principles' of state law" apply in this case to allow it, as a nonsignatory (and, perhaps, nonparty) to the agreements to enforce the arbitration clause contained therein against Ms. Reisinger. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009). If that is the case, then Jefferson Capital may renew its motion to

Page 3 of 4

Case 2:15-cv-00474-JPS   Filed 09/22/15   Page 3 of 4   Document 32

dismiss and/or compel arbitration. For the time being, though, because Jefferson Capital has not established that it can enforce the arbitration clause, the Court must deny Jefferson Capital's motion.

The Court will also deny Ms. Reisinger's motion to strike as moot. The Court has rejected, at least for the time being, Jefferson Capital's motion without need to rely on any of the purportedly objectionable materials contained in Jefferson Capital's reply brief. Finally, the Court will deny Jefferson Capital's newly-filed motion for an extension of time to respond to discovery. This order addresses Jefferson Capital's motion to dismiss and/or compel arbitration, meaning that this case is now ready to proceed.

Accordingly,

IT IS ORDERED that Jefferson Capital's motion to dismiss and/or compel arbitration (Docket #17) be and the same is hereby DENIED without prejudice;

IT IS FURTHER ORDERED that Ms. Reisinger's motion to strike (Docket #26) be and the same is hereby DENIED as moot; and

IT IS FURTHER ORDERED that Jefferson Capital's motion for an extension of time to respond to discovery (Docket #31) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2015.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge